Russell G. Wheeler (RW8995)
Charny & Wheeler P.C.
9 West Market Street
Rhinebeck, New York 12572
Tel: (845) 876-7500
rwheeler@charnywheeler.com

Attorneys for Plaintiffs Amanda Beatty and Mariah Jennings

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMANDA BEATTY and MARRIAH JENNINGS, individually and on behalf of others similarly situated,<br><br>      Plaintiffs,<br><br> -against-<br><br>ENVIRONMENTAL CONSULTANTS, L.L.C., and WILLIAM BOUGHTON, in his personal capacity,<br><br>      Defendants. | Case No.<br><br>COMPLAINT<br><br>Electronically Filed |

Plaintiffs Amanda Beatty and Marriah Jennings, by and through their attorneys Charny & Wheeler P.C., bring this action pursuant to the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) on behalf of themselves and those similarly situated to recover unpaid overtime wages from Defendants Environmental Consultants, L.L.C. and William Boughton in his personal capacity and in support alleges as follows.

## JURISDICTION & VENUE

1. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, <u>et</u>

seq., as well as 28 U.S.C. §§ 1331 and 1337. This Court's supplemental jurisdiction is also invoked to assert the plaintiffs' claims for violations of Article 6 of New York's Labor Law and its corresponding regulations 12 NYCRR 142-2.2.

2. This action properly lies in the Southern District of New York pursuant to 28 U.S.C. § 1391 in that defendant Environmental Consultants, L.L.C. resides within said judicial district and all defendants in this action reside within the State of New York.

THE PARTIES

3. Plaintiffs are both residents of Greene County, New York.

4. For all relevant times Plaintiffs were employees of Defendants within the meaning of 29 U.S.C. § 203(e) and Article 6 of New York State's Labor Law and its corresponding regulations 12 NYCRR 142-2.2.

5. Defendant Environmental Services, L.L.C. (herein "Corporate Defendant") is a domestic limited liability corporation organized and existing under the laws of the State of New York and with a principal place of business located in Dutchess County, New York. Corporate Defendant operates and maintains municipal, private, and industrial water and wastewater facilities in the Hudson Valley region of New York State, including the wastewater facilities for the GlaxoSmithKline production facility located in East Durham, New York.

6. For all relevant times, Defendant William Boughton was the Chief Operator for Corporate Defendant's operation of the GlaxoSmithKline facilities in East Durham, New York.

7. For all relevant times, Defendant Boughton exercised control over all aspects of the day-to-day functions of Corporate Defendant at the East Durham GlaxoSmithKline facility including: (i) operational control over the operational enterprise, including actively managing,

supervising and directing the business operations; (ii) establishing the terms of employment of Plaintiffs and others similarly situated; (iii) hiring and firing; (iv) having control over employee work schedules; (v) having the ability to determine the rate and method of employee payment; and (vi) maintaining employment records of the employing entity.

8. For all relevant times, Defendant Boughton acted directly and indirectly in Corporate Defendant's interests in relation to its employees, including Plaintiffs.

9. For all relevant times, Defendants have constituted an enterprise engaged in commerce, as defined by 29 U.S.C. § 203(s)(1), upon information and belief with a gross annual volume of business done of not less than $500,000 and with employees handling and working on goods or materials that have been in or produced for commerce.

10. For all relevant times, Defendants have been an employer within the meaning of 29 U.S.C. §203(d) and Article 6 of New York State Labor Law and its corresponding regulations, 12 NYCRR 142-2.2.

11. For all relevant times, Defendants have been employers within the meaning of 29 U.S.C. § 203(d) and Article 6 of New York State Labor Law and its corresponding regulations 12 NYCRR 142-2.2.

## STATEMENT OF FACTS

12. Plaintiff Beatty began employment with Corporate Defendant in or about June 2014 and for all relevant times held the title of Lab Technician.

13. Plaintiff Jennings began employment with Corporate Defendant in or about June 2018 and for all relevant times held the title of Operator.

14. For all relevant times, Plaintiffs were assigned to Corporate Defendant's

operations at GlaxoSmithKline in East Durham, New York and were compensated on an hourly basis.

15. For all relevant times, Plaintiffs and others similarly situated worked a repeating two-week work schedule consisting of one week of sixty (60) working hours followed by one week of twenty-four (24) working hours.

16. Prior to on or about March 13, 2020, Plaintiffs and others similarly situated working such a schedule were paid overtime at one and one-half times their regularly hourly rate for all hours worked in excess of forty (40) per work week.

17. Beginning on or about March 13, 2020, Plaintiffs and other employees of Corporate Defendant assigned to its operation at the GlaxoSmithKline facility in East Durham, New York were required to work shifts in excess of ten (10) hours, but continued to work a repeating schedule of one week of sixty (60) hours followed by one week of twenty-four (24) hours.

18. At no time point relevant herein were Plaintiffs or others similarly situated <u>paid</u> an additional hour at the applicable minimum wage rate for each shift worked in excess of ten (10) hours.

19. Beginning on or about March 13, 2020, Defendants also ceased paying Plaintiffs and others similarly situated overtime and instead compensated them at their regular hourly rates for all hours worked in excess of forty (40) per week, notwithstanding that Plaintiffs and others similarly situated continued to work at least sixty (60) hours every other workweek.

20. Defendant Boughton advised Plaintiffs at the time that Defendants would only pay overtime when they worked in excess of eighty (80) hours in a two-workweek period.

21. Defendants continued to withhold overtime pay and spread of hour pay from Plaintiffs as described above until their voluntary resignation from employment on or about April 23, 2021.

22. Upon information and belief, Defendants continue to withhold overtime and spread of hours pay from their employees similarly situated to plaintiffs.

23. Upon information and belief, since at least March 13, 2020, Defendants have continued to collect from GlaxoSmithKline the cost of overtime wages to which Plaintiffs and other similarly situated employees were entitled by virtue of their hours worked, notwithstanding that Defendants did not actually pay such wages to Plaintiffs or others similarly situated.

## COLLECTIVE ACTION ALLEGATIONS

24. In addition to Plaintiffs, Defendants have for all relevant times employed individuals in at least four (4) Operator and Laboratory Technician positions at Corporate Defendant's operations at GlaxoSmithKline in East Durham, New York.

25. Upon information and belief, these positions are identical in all relevant aspects to Plaintiffs' positions, including work schedule, number of hours worked per week, hourly compensation and in Defendants' failure to pay them overtime compensation for hours worked in excess of forty in a given week beginning on or about March 13, 2020.

26. Upon information and belief, Defendants continue to withhold overtime compensation from the individuals employed such positions.

27. For purposes of the FLSA collective action, the collective class is defined as:

> All Operators and Laboratory Technicians employed by Corporate Defendant at its operations at GlaxoSmithKline in East Durham, New York, beginning three years from the commencement of this

proceeding who were not paid overtime for hours worked over forty (40) in a workweek.

28. Similarly situated former and current employees are readily identifiable through use of the Defendants' records. These similarly situated employees can be located and should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b). Prompt notice is requested so that persons similarly situated to the plaintiff who have been unlawfully deprived of overtime pay in violation of the FLSA will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by Defendants.

## DEFENDANTS' RETALIATION AGAINST AND FAILURE TO PAY WAGES TO PLAINTIFF BEATTY

29. After Defendants stopped paying overtime wages to Plaintiffs and other similarly situated employees, Plaintiff Beatty complained to Defendant Boughton and to other supervisors in or about March 2020.

30. In or about March 2020, Plaintiff Beatty told Defendant Boughton and other supervisors that Defendants' new method of calculating overtime was depriving her of wages to which she was entitled and that she understood it to be unlawful.

31. In or about March 2020, following Plaintiff Beatty's complaints, Defendant Boughton scheduled Plaintiff Beatty on a work shift with her estranged husband.

32. Plaintiff Beatty was not normally scheduled on work shifts with her estranged husband and upon information and belief Defendant Boughton was aware that Plaintiff Beatty did not enjoy being scheduled on the same work shift as her estranged husband and that doing so would cause Plaintiff to feel stress and discomfort.

33. Upon information and belief, there existed no operational need to schedule

Plaintiff Beatty on the same work shift as her estranged husband.

34. As a result, Plaintiff experienced discomfort, distress, embarrassment and emotional distress.

35. In or about March 2020, following her complaints about Defendants' failure to pay overtime, Defendants caused Plaintiff Beatty to stop being paid for time spent attending a wastewater lab technician licensing class. Plaintiff Beatty attended the licensing class at the request of and for the benefit of Defendants.

36. Defendants had previously agreed to compensate Plaintiff Beatty for her time attending such class and had consistently done so prior to March 2020. Upon information and belief there was no operational or legitimate reason for Defendants to stop paying Plaintiff Beatty for the time spent attending such class.

37. Pursuant to her agreement with Defendants to attend the licensing class and notwithstanding Defendants' failure to compensate her for her time so spent, Plaintiff Beatty continued to attend and completed the lab technician licensing class.

38. Defendants had also previously agreed to raise Plaintiff Beatty's rate of pay upon her completion of the operator licensing class. On or about August 2020, following her complaints about Defendants' failure to pay overtime, Defendants caused Plaintiff Beatty to receive a wage increase by an amount less than previously promised. Upon information and belief there was no operational or other legitimate reason for Defendants not to have increased Plaintiff Beatty's wage by less than the amount previously promised.

## DEFENDANTS' RETALIATION AGAINST AND FAILURE TO PAY WAGES TO PLAINTIFF JENNINGS

39. After Defendants stopped paying overtime wages to Plaintiffs and other similarly situated employees, Plaintiff Jennings complained to Defendant Boughton and to other supervisors in or about March 2020.

40. In or about March 2020, following her complaints about Defendants' failure to pay overtime, Defendants caused Plaintiff Jennings to stop being paid for time spent attending a wastewater operators licensing class. Plaintiff Jennings attended the licensing class at the request of and for the benefit of Defendants.

41. Defendants had previously agreed to compensate Plaintiff Jennings for her time attending such class and had consistently done so prior to March 2020. Upon information and belief there was no operational or legitimate reason for Defendants to stop paying Plaintiff Jennings for the time spent attending such class.

42. Pursuant to her agreement with Defendants to attend the licensing class and notwithstanding Defendants' failure to compensate her for her time so spent, Plaintiff Jennings continued to attend and completed the operator licensing class.

43. Defendants had also previously agreed to raise Plaintiff Jennings' rate of pay upon her completion of the operator licensing class. On or about August 2020, following her complaints about Defendants' failure to pay overtime, Defendants caused Plaintiff Jennings to receive a wage increase by an amount less than previously promised. Upon information and belief there was no operational or other legitimate reason for Defendants not to have increased Plaintiff Jennings' wage by less than the amount previously promised.

## DEFENDANTS' FURTHER RETALIATION AND UNLAWFUL DEDUCTIONS FROM PLAINTIFFS' WAGES

44. In or about April or May 2021, Defendants deducted two thousand two hundred and thirty-seven dollars ($2,237) from both of the Plaintiffs' final pay paychecks.

45. Defendants claimed such deductions represented the cost of Plaintiffs' tuitions to attend the lab technician and operating licensing classes described in the paragraphs above.

46. Defendants claimed that Plaintiffs authorized such deductions by agreeing to repay the cost of their tuitions in the event that Plaintiffs failed to successfully pass the tests to obtain the licenses for which they were attending classes.

47. On or about September 17, 2020 and February 26, 2021, Defendant Boughton had refused to allow Plaintiffs to take the tests for their respective licenses. Upon information and belief, there was no operational or legitimate rationale for Defendant Boughton's refusal.

48. Defendant Boughton's refusal prevented Plaintiffs from successfully passing their respective licensing tests as required to avoid repaying Defendants the cost of their class tuitions.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA

49. Plaintiffs repeat, reallege and incorporate by reference all allegations in all preceding paragraphs.

50. Defendants employed Plaintiffs and those similarly situated for workweeks longer than forty (40) hours and willfully failed to compensate Plaintiffs and those similarly situated for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times the regular hourly rate, in violation of the requirements of the FLSA.

51. As a consequence of the willful underpayment of wages alleged above, Plaintiffs

and those similarly situated have incurred damages and Defendants are indebted to them in the amount of the unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.

AS AND FOR A SECOND CAUSE OF ACTION
FAILURE TO PAY OVERTIME WAGES
IN VIOLATION OF ARTICLE 6 OF NEW YORK'S LABOR LAW

52. Plaintiffs repeat, reallege and incorporate by reference all allegations in all preceding paragraphs.

53. Defendants employed Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate Plaintiffs for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times the regular hourly rate, in violation of the requirements of Article 6 of the Labor Law of the State of New York and its corresponding regulations, 12 NYCRR 142-2.2.

54. As a consequence of the willful underpayment of wages alleged above, Plaintiffs have incurred damages and Defendants are indebted to Plaintiffs in the amount of the unpaid overtime compensations pursuant to 12 NYCRR 142-2.2, together with interest and liquidated damages, in an amount to be determined at trial, together with all available relief under Article 6 of the Labor Law of the State of New York.

AS AND FOR A THIRD CAUSE OF ACTION
FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA

55. Plaintiffs repeat, reallege and incorporate by reference all allegations in all preceding paragraphs.

56. Defendants required Plaintiffs to attend educational classes for the benefit of

Corporate Defendant and agreed to compensate them for time spent doing so.

57. Plaintiffs attended such educational classes but Defendants failed to pay them at least the applicable minimum wage rate for the time spent doing so, in violation of the minimum wage requirements of the FLSA.

58. As a consequence of the willful withholding of wages alleged above, Plaintiffs have incurred damages and Defendants are indebted to them in the amount of the unpaid minimum wages, together with interest and liquidated damages, in an amount to be determined at trial.

AS AND FOR A FOURTH CAUSE OF ACTION
FAILURE TO PAY MINIMUM WAGE
IN VIOLATION OF ARTICLE 6 OF NEW YORK'S LABOR LAW

59. Plaintiffs repeat, reallege and incorporate by reference all allegations in all preceding paragraphs.

60. Defendants required Plaintiffs to attend educational classes for the benefit of Corporate Defendant and agreed to compensate them for time spent doing so.

61. Plaintiffs attended such educational classes but Defendants failed to pay them at least the applicable minimum wage for the time spent doing so, in violation of the minimum wage requirements of Article 6 of the Labor Law of the State of New York and its corresponding regulations, 12 NYCRR 142-2.1.

62. As a consequence of the willful withholding of wages alleged above, Plaintiffs have incurred damages and Defendants are indebted to Plaintiffs in the amount of the unpaid wages pursuant to 12 NYCRR 142-2.1, together with interest and liquidated damages, in an amount to be determined at trial, together with all available relief under Article 6 of the Labor

Law of the State of New York.

## AS AND FOR A FIFTH CAUSE OF ACTION
### FAILURE TO PAY SPREAD OF HOURS PAY
### IN VIOLATION OF ARTICLE 6 OF NEW YORK'S LABOR LAW

63. Plaintiffs repeat, reallege and incorporate by reference all allegations in all preceding paragraphs.

64. Defendants employed Plaintiffs for shifts in excess of ten (10) hours without paying them an additional hour's pay at the applicable minimum wage rate in violation of the spread of hour requirements of Article 6 of the Labor Law of the State of New York and its corresponding regulations, 12 NYCRR 142-2.4.

65. As a consequence of the willful withholding of spread of hour wages as alleged above, Plaintiffs have incurred damages and Defendants are indebted to Plaintiffs in the amount of the unpaid minimum wages pursuant to 12 NYCRR 142-2.4, together with interest and liquidated damages, in an amount to be determined at trial, together with all available relief under Article 6 of the Labor Law of the State of New York.

## AS AND FOR A SIXTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF THE FLSA

66. Plaintiffs repeat, reallege and incorporate by reference all allegations in all preceding paragraphs.

67. By the foregoing, Plaintiffs participated in a protected activity under the Fair Labor Standards Act, such activity being known to Defendants.

68. By the foregoing, Defendants committed adverse employment actions disadvantaging Plaintiffs in retaliation for Plaintiffs' protected activity in violation of 29 U.S.C. §215(a)(3) and its implementing regulations.

69. As a result of Defendants' retaliatory actions, Plaintiffs have suffered and continues to suffer economic losses and mental anguish and are entitled to equitable relief pursuant to 29 U.S.C. §216(b), including liquidated damages and attorneys' fees and costs.

AS AND FOR A SEVENTH CAUSE OF ACTION
Retaliation under the New York Labor Law

54. Plaintiffs repeat, reallege and incorporate by reference all allegations in all preceding paragraphs.

55. By the foregoing, Plaintiffs participated in a protected activity under New York Labor Law, activity known to Defendants.

56. By the foregoing, Defendants acted in retaliation to Plaintiffs' protected activity in violation of NYLL §215 and its implementing regulations.

57. As a result of Defendants' retaliatory actions, Plaintiffs suffered and continues to suffer economic losses and mental anguish and is entitled to additional liquidated damages and attorneys' fees and costs pursuant to New York Labor Law §215(2)(a).

AS AND FOR A SEVENTH CAUSE OF ACTION

58. Plaintiffs repeat, reallege and incorporate by reference all allegations in all preceding paragraphs.

59. During the course of Plaintiffs' employment, Defendants deducted the amount of $2,337 from each of the Plaintiffs' wages in violation of NYLL § 193 and its implementing regulations.

60. As a consequence of the willful unlawful deduction of wages as alleged above, Plaintiffs have incurred damages and Defendants are indebted to Plaintiffs in the amount of the deducted wages, together with interest and liquidated damages, in an amount to be determined at trial, together with all available relief under Article 6 of the Labor Law of the State of New York.

## JURY TRIAL DEMAND

61. Plaintiffs demand a jury trial on all issues, including damages.

## REQUEST FOR RELIEF

62. Plaintiffs request the following relief:

    a. Certification of this cause as a collective action in accordance with 26 U.S.C. § 216(b) with respect to the FLSA overtime claims;

    b. Judgment against Defendants for willful violation of the FLSA and Article 6 of the New York Labor Law and its corresponding regulations, 12 NYCRR 142-2.1 et seq.;

    c. Liquidated and statutory damages as provided for by the FLSA and New York Labor Law;

    d. Pre- and post-judgment interest;

    e. All costs and attorneys' fees incurred in prosecuting these claims;

    f. Any and all further relief available under the FLSA and Article of the New York Labor Law of the State of New York and its corresponding regulations, 12 NYCRR 142-2.1 et seq.; and

g. Such other and further relief as the Court deems just and equitable.

Dated: Rhinebeck, New York
August 12, 2021

_____
Russell G. Wheeler (RW8995)
Charny & Wheeler P.C.
9 West Market Street
Rhinebeck, New York 12572
(845) 876-7500
rwheeler@charnywheeler.com

Attorneys for Plaintiffs Amanda Beatty and Mariah Jennings